**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Polo Keoki Salazar, Appellant.

Appellate Case No. 2022-001066

---

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

---

Unpublished Opinion No. 2026-UP-328
Submitted May 27, 2026 – Filed July 1, 2026

---

**AFFIRMED**

---

Chief Appellate Defender Wanda H. Carter, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Deputy Attorney General Melody Jane Brown,
and Assistant Attorney General William Joseph Maye, all
of Columbia; and Solicitor David Michael Pascoe, Jr., of
Orangeburg, all for Respondent.

---

**PER CURIAM:** Polo Keoki Salazar appeals his convictions for murder;
first-degree burglary; possession of a stolen vehicle valued more than $2,000 but

less than $10,000; attempted murder; possession of a weapon during the commission of a violent crime; and ill treatment of animals; as well as his aggregate sentence of forty-five years' imprisonment. On appeal, Salazar argues the trial court (1) erred when it denied his motion to sever his trial from the trial of his co-defendant, (2) violated his Sixth and Fourteenth Amendment rights pursuant to *Bruton*,[1] and (3) erred when it admitted his clothing into evidence, along with expert testimony regarding gunshot residue (GSR) on his clothing. We affirm pursuant to Rule 220(b), SCACR.

As to issues one and two, we hold the trial court did not abuse its discretion. First, we hold the trial court did not abuse its discretion when it admitted the co-defendant's statements because they were not protected by *Bruton*. *See State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). The co-defendant's statements incorporating the neutral pronoun "they" — "If I talk, they're going to kill me," "I found it in the car. They had it," and "Stuff they just told me to get."– do not violate *Bruton* because the statements do not directly implicate Salazar; instead, they reference a group of people rather than a particular individual and do not directly implicate Salazar as a member of that group. *See State v. Henson*, 407 S.C. 154, 164, 754 S.E.2d 508, 513 (2014) (observing that in *Gray v. Maryland*,[2] the Supreme Court of the United States "brought within [*Bruton's*] prohibition those confessions which facially incriminate through inference"); *Richardson v. Marsh*, 481 U.S. 200, 211 (1987) ("[T]he Confrontation Clause is not violated by the admission of a nontestifying codefendant's confession with a proper limiting instruction when, . . . the confession is redacted to eliminate not only the defendant's name, but any reference to his or her existence."); *Gray*, 523 U.S. at 196 (explaining that a statement protected under *Bruton* would involve inferences "that, despite redaction, *obviously refer directly to someone*, often obviously the defendant" (emphasis added)). Further, to the extent that Salazar argues that the statements made by the officer who interviewed the co-defendant—"Were you there when your buddy shot the guy" and "They're going to jail. They can't hurt you from there"—implicate *Bruton*, the trial court did not abuse its discretion in admitting these because Davis testified at trial and was subject to cross-examination. *See Henson*, 407 S.C. at 161-62, 754 S.E.2d at 512 ("In a joint trial, the admission of a nontestifying

[1] *Bruton v. United States*, 391 U.S. 123 (1968).
[2] 523 U.S. 185 (1998).

codefendant's confession that implicates a defendant violates the defendant's Confrontation Clause rights." (citing *Bruton*, 391 U.S. at 126)). Further, these statements would not incriminate Salazar if they were the first evidence introduced at trial. *See id.* at 164, 754 S.E.2d at 513 (explaining that a statement protected under *Bruton* would "involve inferences that a jury ordinarily could make immediately, even were the confession the very first item introduced at trial"); *Gray*, 523 U.S. at 196 (observing that "statements that did not refer directly to the defendant himself and . . . became incriminating 'only when linked with evidence introduced later at trial'" were not protected by *Bruton* (quoting *Richardson*, 481 U.S. at 208)); *State v. Holder*, 382 S.C. 278, 283-85, 676 S.E.2d 690, 693-94 (2009) (finding the following oral statement a co-defendant told an investigator during an interrogation—"he felt like she had been inflicting [bruises on the victim],"—was protected under *Bruton* "because in such instances the defendant [wa]s implicated almost as if there was a direct reference, and the connection d[id] not depend on other evidence introduced at trial").

Second, we hold the trial court did not abuse its discretion when it denied Salazar's motion for severance. Salazar bases his argument in support of severance on his Sixth Amendment right to cross-examine the co-defendant; however, as discussed above, the co-defendant's statements did not implicate Salazar. *See State v. Halcomb*, 382 S.C. 432, 439, 676 S.E.2d 149, 152-53 (Ct. App. 2009) ("A motion for severance is addressed to the sound discretion of the trial court."); *id.* at 439, 676 S.E.2d at 153 ("The trial court's ruling will not be disturbed on appeal absent an abuse of that discretion."); *id.* at 439-40, 676 S.E.2d at 153 ("An abuse of discretion occurs when a trial court's decision is unsupported by the evidence or controlled by an error of law."); *id.* at 440, 676 S.E.2d at 153 ("A severance should be granted only when there is a serious risk that a joint trial would compromise a specific trial right of a codefendant or prevent the jury from making a reliable judgment about a codefendant's guilt."); *id.* ("An appellate court should not reverse a conviction achieved at a joint trial in the absence of a reasonable probability that the defendant would have obtained a more favorable result at a separate trial."); *id.* ("A proper cautionary instruction may help protect the individual rights of each defendant and ensure that no prejudice results from a joint trial.").

As to issue three, we hold the trial court did not abuse its discretion when it admitted Salazar's camouflage jacket into evidence. *See Pagan*, 369 S.C. at 208, 631 S.E.2d at 265 ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."). Salazar's camouflage jacket, which

contained a face guard, was nonfungible evidence that was readily identifiable, as it had been identified by an officer as the jacket Salazar wore on the night of the incident. *See State v. Freiburger*, 366 S.C. 125, 134, 620 S.E.2d 737, 741 (2005) ("[W]here the issue is the admissibility of non-fungible evidence—that is, evidence that is unique and identifiable—the establishment of a strict chain of custody is not required."); *id.* ("If the offered item possesses characteristics which are fairly unique and readily identifiable, and if the substance of which the item is composed is relatively impervious to change, the trial court is viewed as having broad discretion to admit merely on the basis of testimony that the item is the one in question and is in a substantially unchanged condition."); *State v. Brockmeyer*, 406 S.C. 324, 353, 751 S.E.2d 645, 660 (2013) ("[R]eadily identifiable items must merely be authenticated by a showing of 'evidence sufficient to support a finding that the matter in question is what its proponent claims.'" (quoting Rule 901(a), SCRE)). Additionally, we hold that any challenge to the admissibility of testimony regarding the presence of GSR on Salazar's jacket is not preserved for appellate review. Although the State admits that Salazar made an objection to the GSR testimony during a witness's direct testimony, the parties discussed the objection off-the-record and Salazar never clarified the basis of the objection, the arguments in support, or the court's ruling on the record. *See State v. Jennings*, 394 S.C. 473, 481, 716 S.E.2d 91, 95 (2011) ("For an issue to be properly preserved it has to be raised to and ruled on by the trial court.").

**AFFIRMED.**[3]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.